UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA AYALA,

    Plaintiff,

v.                                          Case No. 8:23-cv-00467-AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.  Procedural Background**

Plaintiff filed an application for a period of disability and SSI. (Tr. 148). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration. (Tr. 149-157, 159-168). Plaintiff then requested an administrative hearing. (Tr. 209). Per Plaintiff's request, the ALJ held a hearing at

---

[1] Martin O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

which Plaintiff appeared and testified. (Tr. 120-147). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 37-47). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1-7). Plaintiff then timely filed a complaint with this Court. (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning February 25, 2020. (Tr. 262). Plaintiff obtained a high school education. (Tr. 40, 687). Plaintiff's past relevant work experience included work as a customer service representative. (Tr. 125, 199). Plaintiff alleged disability due to pulmonary disease, asthma, dyspnea, nerve damage in the right arm, osteoarthritis in the left knee, atrial fibrillation, depression, and anxiety. (Tr. 298).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements[2] and had not engaged in substantial gainful activity since November 24, 2020, the application date. (Tr. 39). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: asthma, idiopathic pulmonary fibrosis, obstructive sleep apnea, osteoarthritis of the left knee, degenerative disc disease of the cervical spine with radiculopathy, atrial fibrillation, and obesity. *Id.* Notwithstanding the

---

[2] The ALJ did not give a date through which the insured status was met but the record confirms the requirements were met. (Tr. 275).

noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 41). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 416.967(a) except she requires the opportunity to alternate sitting and standing such that the claimant could sit for a minimum of 30 minutes before the need to stand for 5 to 10 minutes. She is limited to work that does not require crawling or climbing ladders, ropes, or scaffolds; nor more than occasional climbing ramps and stairs, crouching, kneeling, and stooping; and nor more than frequent balancing. She is limited to occasional overhead reaching with the bilateral upper extremities, nor more than frequent fingering with the right hand, that is, fine manipulation of items no smaller than the size of a paper clip, and nor more than frequent handling of objects with the right hand, that is, gross manipulation. She is limited to a concentrated exposure to extreme temperatures, humidity, wetness, hazards, and irritants such as fumes, odors, dust, gases, or poorly ventilated areas.

(Tr. 42). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence. (Tr. 46).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could perform past relevant work *Id.* Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform her past work as a customer service representative. *Id.* Accordingly, based

on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. *Id.*

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his

or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred in failing to include any mental limitation in his assessment of Plaintiff's residual functional capacity given his prior finding that Plaintiff had a mild medically determinable mental impairment. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

In step two of his analysis, the ALJ found that Plaintiff had the following **severe** impairments: asthma, idiopathic pulmonary fibrosis, obstructive sleep apnea, osteoarthritis of the left knee, degenerative disc disease of the cervical spine with radiculopathy, atrial fibrillation, and obesity. (Tr. 39). However, with respect to Plaintiff's medically determinable mental impairments of major depressive disorder and generalized anxiety disorder, the ALJ considered the "paragraph B" criteria and found that these impairments when "considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore **nonsevere**." (Tr. 40) (emphasis added); *see* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00E (discussing the "paragraph B" criteria in the Listing of Impairments). Specifically, the ALJ found that Plaintiff had mild limitations in: 1) interacting with others; 2) her ability to concentrate, persist, or maintain pace; and 3) her ability to adapt or manage herself. (Tr. 41). The ALJ then continued on in his analysis, finding at step four that Plaintiff maintained the residual functional capacity to preform her prior work. In making this determination, the ALJ noted that his RFC assessment "reflects the degree of

limitation I have found in the "paragraph B" mental function analysis." (Tr. 41). Importantly, as correctly articulated by the ALJ:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment.

(Tr. 40).

Plaintiff argues that the ALJ failed to properly consider Plaintiff's mental impairments in determining her RFC. Plaintiff cites to *Bowen v. Heckler* 748 F.2d 629, 634-35 (11th Cir. 1984) in asserting that "[c]onsideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." (Doc. 21 at 3). Plaintiff then continues on to argue that the ALJ failed to evaluate Plaintiff's non-severe mental impairments when assessing Plaintiff's RFC, or, alternatively, to the extent the ALJ did, his decision was in error as it did not provide "sufficient reasoning for determining that the proper legal analysis has been conducted." (Doc. 21 at 4-5).

However, Plaintiff reads more into a mild limitation than is warranted. As a preliminary matter, as exhibited above, the ALJ expressly stated that his RFC evaluation took into account Plaintiff's mild mental impairments, thus satisfying *Bowen*. (Tr. 41). The ALJ's failure to include any functional limitations related to Plaintiff's mental impairments in his RFC finding simply indicates that he concluded Plaintiff's non-severe mental impairments did not cause functional limitations. In his opinion, the ALJ specifically notes that despite her mild mental

8

impairments, Plaintiff was still able to shop in stores, attend church, deal appropriately with authority and others, prepare meals, follow written and spoken instructions, drive a car, handle changes in routines, care for her mother with dementia, and complete a wide range of independent activities associated with daily living. (Tr. 40). Thus, though Plaintiff may disagree with the ALJ's determination, the Court finds that it is supported by substantial evidence and will not substitute its own judgment for that of the Commissioner. *See Vaughn v. Heckler*, 727 F.2d 1040 (11th Cir. 1984)

Moreover, Plaintiff's contention that her non-severe mental impairments limited her ability to work is contrary to applicable social security regulations and relevant case law. Under the regulations, a non-severe impairment is one which has no more than a minimal effect on a claimant's ability to do basic work activities. *See* 20 C.F.R. 404.1520a(d)(1), 416.920a(d)(1). Furthermore, the Eleventh Circuit has specifically held that a non-severe impairment "has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). "Consequently, in many, if not most cases, there will be no functional limitations from a non-severe impairment." *Sprague v. Colvin*, No. 8:13-CV-576-T-TGW, 2014 WL 2579629, at *6 (M.D. Fla. June 9, 2014).

This has been a consistent finding within this District. In *Sprague*, the court affirmed the ALJ's determination that the plaintiff's mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace did not affect

9


her RFC. 2014 WL 2579629, at *6-7; *see also Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979–80 (11th Cir. 2016) (holding that the ALJ did not err by omitting mental limitations based on claimant's depression where the ALJ took this impairment into account and "found that Williams had only 'mild' limitations based on this impairment"); *Loydd v. Comm'r of Soc. Sec.*, No. 6:22-CV-15-ACC-EJK, 2023 WL 2931152 (M.D. Fla. Mar. 1, 2023) (finding that the ALJ's determination the plaintiff's mild mental impairments did not affect her RFC was supported by substantial evidence where the ALJ cited to specific examples in establishing that plaintiff had only mild limitations in the "paragraph B" criteria); *Martin v. Comm'r of Soc. Sec.*, No. 8:22-CV-1435-JSS, 2023 WL 3644419, at 9 (M.D. Fla. May 25, 2023) ("In sum, contrary to Plaintiff's contention, the ALJ was not required to include a mental limitation in the RFC simply because he identified "mild" mental limitations in the PRT assessment."); *Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022) (rejecting Plaintiff's assertion that the ALJ failed to include a mental limitation in the RFC assessment where the ALJ correctly addressed Plaintiff's "mild" limitations in the analysis). Thus, the ALJ's RFC decision is valid.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 5th day of March 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record